OPINION

SLOAN and SHIRLEY
filed the opinion of the Court.
This appeal concerns the dismissal of an employee’s complaint upon an employer’s motion to dismiss and whether an eviden-tiary hearing rather than a hearing on the motion was required. The Court reverses the dismissal on the ground that an evi-dentiary hearing was required and remands the case.
I
Karen Daddis (Appellant) filed a Complaint against Navajo Arts and Crafts Enterprise and TEME, Inc. (together referred to as “NACE”) under the Navajo Preference in Employment Act on January 18, 2011. Appellant claimed NACE terminated her employment without written notice setting forth just cause on or about January 2009. NACE filed an Answer on February 18, 2011. A hearing was immediately scheduled but continued numerous times by the parties before it was set for March 15, 2012. On February 14, 2012, NACE filed a Motion to Dismiss asserting Appellant failed to satisfy the requirement of 15 N.N.C. § 610(J)(l)(b) that “[t]he underlying Charge was filed within the time limits prescribed in § 610(B)(6).” Section 610(B)(6) requires a Charge to be filed within one year after the accrued claim constituting the alleged violation. In response to the motion, on February 24, 2012 Appellant submitted an affidavit attesting she was terminated by NACE “on January 29 or January 30, 2009.”
The Commission held a hearing on NACE’s motion to dismiss on March 13, 2012. Both parties appeared with legal counsel. At the hearing, the Commission found the Charge did not state the date of separation from employment and the Complaint indicated “on or about January 2010 *374 (sic)”[1] Appellant was terminated. The Commission also found Appellant informed the state unemployment office that her last day of work was January 15, 2009 due to lack of work. The Commission also considered the affidavit filed by Appellant asserting she was terminated “on January 29 or 30, 2009” along with NACE’s argument that Appellant “walked off the job.” The Commission rejected Appellant’s argument that the burden was on the employer to prove that it did not verbally terminate her employment on the date specified. Based on the arguments presentpd by the parties and the documents filed in support of the motion, the Commission determined that the Charge was untimely under 15 N.N.C. § 610(B)(6). Consequently, the Commission dismissed the Complaint for lack of jurisdiction. No hearing pursuant to § 611(A) followed. This appeal ensued.
Appellant contends the Commission erred in dismissing an action based upon factual conclusions that she was terminated on January 15, 2009 when it did not permit an evidentiary hearing pursuant to 15 N.N.C. § 611(A). Appellee contends no errors and does not cross appeal.
II
The issue is whether the Commission erred in dismissing an employee’s complaint upon an employer’s motion to dismiss claiming a jurisdictional condition for filing a complaint had not been satisfied as required by 15 N.N.C. § 610(J)(1) when an evidentiary hearing pursuant to 15 N.N.C. § 611(A) was not held.
III
The Supreme Court reviews Labor Commission decisions on an abuse of discretion basis. Jackson v. BHP World Minerals, 5 Am. Tribal Law 446, 8 Nav. R. 560, 568-569 (Nav.Sup.Ct.2004). The Commission abuses its discretion when it makes an erroneous legal conclusion, or if its factual findings are not “supported by substantial evidence.” Id. Legal conclusions are reviewed de novo with no deference given to the Commission’s interpretation of the law. Id. The Court’s review of factual findings is more deferential. Id. This Court will find that a decision is “supported by substantial evidence” where, after examining the relevant evidence, a “reasonable mind could accept [the evidence] as adequate to support the conclusion, even if it is possible to draw two inconsistent conclusions from the evidence.” Id. Here, Appellant appeals a dismissal contending the Commission erred as a matter of law when it dismissed her complaint upon a § 610(J)(2) motion without an evidentiary hearing. To this end, Appellant gave notice that no transcript of the March 13, 2012 hearing would be filed.
IV
Proceedings before the Commission are initiated upon the filing of a written complaint, which prompts a hearing under 15 N.N.C. § 611(A). Section 611(A) states “The Commission shall schedule a hearing within 60 days of the filing of a written complaint by a petitioner with the Commission.” In preparation for this hearing, the Commission may “issue subpoenas compelling the disclosure by any person evidence relevant to the Complaint.” 15 N.N.C., § 611(A)(2). The Commission is authorized to administer oaths and compel attendance of any person at this hearing and to compel production of any documents. 15 N.N.C. § 611(A)(3). Section 611(A) thus requires an evidentiary hearing to be scheduled and subsequently held.
*375 Here, an evidentiary hearing was scheduled, continued by the parties, and eventually set for March 15, 2012. Two days before the evidentiary hearing, a hearing on NACE’s motion to dismiss was held. The Commission heard from both parties and considered documents filed in support and against the dismissal. No testimony was provided by the NACE supervisor, who allegedly terminated Daddis. An evi-dentiary hearing was required even to consider respondent’s § 610(J)(2) motion. The Commission therefore erred in dismissing the Complaint based on factual conclusions rendered without an evidentia-ry hearing.
Although Appellant asserts the Commission’s finding that she was terminated on January 15, 2009 is incorrect and that she is fairly certain about the date range of her termination because she tied it to the termination of another employee, we need not consider those arguments. Our civil appellate rules state “If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.” N.R.C.A.P. 9(b)(1). Because Appellant decided not to file a transcript of the proceeding, such arguments are beyond the scope of our review. These arguments should be considered at the evidentiary hearing to be scheduled upon remand.
V
The decision of the Commission is REVERSED and REMANDED. The Commission shall reinstate the Complaint and schedule an evidentiary hearing on the motion to dismiss.
BEDONIE dissented.

. Should state “on or about January 2009" instead of 2010.